1  KILPATRICK TOWNSEND & STOCKTON LLP
   GREGORY S. GILCHRIST (SBN 111536)
2  GIA L. CINCONE (SBN 141668)
   RYAN BRICKER (SBN 269100)
3  Two Embarcadero Center, 8th Floor
   San Francisco, California  94111
4  Telephone:  (415) 576-0200
   Facsimile:  (415) 576-0300
5  Email:  ggilchrist@kilpatricktownsend.com, gcincone@kilpatricktownsend.com,
   rbricker@kilpatricktownsend.com
6
   Attorneys for Plaintiff
7  LEVI STRAUSS & CO.

8

9                       UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  LEVI STRAUSS & CO.,                    Case No. 14-cv-4870

13              Plaintiff,                 **COMPLAINT FOR TRADEMARK
                                           INFRINGEMENT, UNFAIR
14          v.                             COMPETITION, AND DILUTION
                                           (INJUNCTIVE RELIEF SOUGHT)**
15  MILLER INTERNATIONAL, INC.,
                                           **JURY TRIAL DEMAND**
16              Defendant.

17

18      Plaintiff Levi Strauss & Co. ("LS&Co.") complains against defendant Miller International, Inc.

19  ("Miller") as follows:

20              **JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT**

21      1.      Plaintiff LS&Co.'s first, second and third claims arise under the Trademark Act of

22  1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§

23  1051, et seq.).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and

24  1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121

25  (Lanham Act).  This Court has supplemental jurisdiction over the remaining state law claims under 28

26  U.S.C. § 1367.

27      2.      LS&Co. is informed and believes that venue is proper in this Court under 28 U.S.C. §

28  1391(b) because Miller transacts affairs in this district and because a substantial part of the events

1  giving rise to the claims asserted arose in this district.

2        3.     Intra-district assignment to any division of the Northern District is proper under Local

3  Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

4  **PARTIES**

5        4.     LS&Co. is a Delaware corporation with its principal place of business at Levi's Plaza,

6  1155 Battery Street, San Francisco, California  94111.  Operating since approximately the 1850s,

7  LS&Co. is one of the oldest and best known apparel companies in the world.  It manufactures, markets

8  and sells a variety of apparel, including its traditional LEVI'S® brand products.

9        5.     LS&Co. is informed and believes that defendant Miller International, Inc. is a Colorado

10  corporation with its principal place of business at 8500 Zuni Street, Denver, Colorado 80260.

11  LS&Co. is informed and believes that Miller manufactures, distributes and/or sells, or has

12  manufactured, distributed and/or sold, jeans under the brand name CINCH which are offered for sale

13  and sold throughout the United States, including in this judicial district.  LS&Co. is further informed

14  and believes that Miller has authorized, directed, and/or actively participated in the wrongful conduct

15  alleged herein.

16  **FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS**

17  **LS&Co.'s Arcuate and Tab Trademarks**

18        6.     LS&Co. marks its LEVI'S® brand products with a set of trademarks that are famous

19  around the world.  For many years prior to the events giving rise to this Complaint and continuing to

20  the present, LS&Co. annually has spent great amounts of time, money, and effort advertising and

21  promoting the products on which its trademarks are used and has sold many millions of these products

22  all over the world, including throughout the United States and in California.  Through this investment

23  and large sales, LS&Co. has created considerable goodwill and a reputation for quality products.

24  LS&Co. continuously has used these trademarks, some for well over a century, to distinguish its

25  products.

26        7.     Most of LS&Co.'s trademarks are federally registered; all are in full force and effect,

27  valid and protectable, and exclusively owned by LS&Co.  LS&Co. continuously has used each of its

28  trademarks, from the registration date or earlier, until the present and during all time periods relevant

1    to LS&Co.'s claims.

2        8.      Among its marks, LS&Co. owns the famous Arcuate Stitching Design Trademark (the

3    "Arcuate trademark"), which consists of a distinctive pocket stitching design that is the oldest known

4    apparel trademark in the United States still in continuous use.  LS&Co. has used the Arcuate

5    trademark continuously since 1873 in interstate commerce on clothing products.  LS&Co. first used

6    the Arcuate trademark on jeans and later used it on other products as well.

7        9.      LS&Co. owns, among others, the following United States and California Registrations

8    for its Arcuate trademark, attached as Exhibit A.  The federal registrations have become incontestable

9    under the provisions of 15 U.S.C. § 1065.

10           a.      Registration No. 404,248 (first used as early as 1873; registered November 16,

11   1943);

12           b.      Registration No. 1,139,254 (first used as early as 1873; registered September 2,

13   1980);

14           c.      Registration No. 2,794,649 (first used as early as 1873; registered December 16,

15   2003);

16           d.      California Registration No. 088399 (first used as early as 1873; registered

17   August 24, 1988).

18       10.     The Arcuate trademark is valid and protectable, and exclusively owned by LS&Co.

19   The Arcuate trademark is famous and is recognized around the world and throughout the United States

20   by consumers as signifying authentic, high quality LEVI'S® products.  The Arcuate trademark

21   became famous prior to Miller's conduct that is the subject of this Complaint.

22       11.     LS&Co. also owns the famous Tab Device Trademark (the "Tab trademark"), which

23   consists of a textile marker or other material sewn into one of the regular structural seams of the

24   garment.  LS&Co. uses the Tab trademark on LEVI'S® jeans and a variety of other clothing products.

25       12.     LS&Co. began to display the Tab trademark on the rear pocket of its pants in 1936

26   when its then National Sales Manager, Leo Christopher Lucier, proposed placing a folded cloth ribbon

27   in the structural seams of the rear pocket.  The purpose of this "tab" was to provide "sight

28   identification" of LS&Co.'s products.  Given the distinctiveness of the Tab trademark, Mr. Lucier

1   asserted that "no other maker of overalls can have any other purpose in putting a colored tab on an

2   outside patch pocket, unless for the express and sole purpose of copying our mark, and confusing the

3   customer."

4           13.     LS&Co. owns, among others, the following United States Registrations for its Tab

5   trademark, attached as Exhibit B.  These registrations have become incontestable under the provisions

6   of 15 U.S.C. § 1065.

7             a.     Registration No. 356,701 (first used as early as September 1, 1936; registered

8   May 10, 1938);

9             b.     Registration No. 516,561 (first used as early as September 1, 1936; registered

10  October 18, 1949);

11            c.     Registration No. 577,490 (first used as early as September 1, 1936; registered

12  July 21, 1953);

13            d.     Registration No. 774,625 (first used as early as May 22, 1963; registered

14  August 4, 1964);

15            e.     Registration No. 775,412 (first used as early as October 9, 1957; registered

16  August 18, 1964); and

17            f.     Registration No. 1,157,769 (first used as early as September 1, 1936; registered

18  June 16, 1981).

19          14.     The Tab trademark is valid and protectable, and exclusively owned by LS&Co.  The

20  Tab trademark is famous and recognized around the world and throughout the United States by

21  consumers as signifying authentic, high quality LEVI'S® jeans.  The Tab trademark became famous

22  prior to Miller's conduct that is the subject of this Complaint.

23          15.     Examples of LS&Co.'s use of its Arcuate and Tab trademarks on LEVI'S® jeans are

24  attached as Exhibit C.

25  **Miller's Infringement of LS&Co.'s Arcuate and Tab Trademarks**

26          16.     Beginning at some time in the past and continuing until the present, Miller has

27  manufactured, promoted and sold garments that infringe and dilute LS&Co.'s Arcuate and Tab

28  trademarks.

17.     In particular, LS&Co. is informed and believes that Miller has manufactured, sourced, marketed and/or sold substantial quantities of jeans bearing pocket stitching designs and/or pocket tabs (hereinafter the "Cinch Designs") that are highly similar to LS&Co.'s Arcuate and Tab trademarks and are likely to confuse consumers about the source of Miller's products and/or a relationship between Miller and LS&Co.  Images of Miller's products bearing the Cinch Designs are attached to this Complaint as Exhibit D.

18.     LS&Co. is informed and believes that Miller has manufactured, marketed and sold substantial quantities of products bearing the Cinch Designs, and has obtained and continues to obtain substantial profits from these sales.

19.     Miller's actions have caused and will cause LS&Co. irreparable harm for which money damages and other remedies are inadequate.  Unless Miller is restrained by this Court, it will continue and/or expand its illegal activities and otherwise continue to cause great and irreparable damage and injury to LS&Co. by, among other things:

a.     Depriving LS&Co. of its statutory rights to use and control use of its trademark;

b.     Creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source of the infringing products;

c.     Causing the public falsely to associate LS&Co. with Miller and/or its products, or vice versa;

d.     Causing incalculable and irreparable damage to LS&Co.'s goodwill and diluting the capacity of its Arcuate and Tab trademarks to differentiate LEVI'S® products from others; and

e.     Causing LS&Co. to lose sales of its genuine clothing products.

20.     Accordingly, in addition to other relief sought, LS&Co. is entitled to injunctive relief against Miller, its affiliates, licensees, subsidiaries and all persons acting in concert with it.

## FIRST CLAIM
## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §§ 1114-1117; Lanham Act § 32)

21.     LS&Co. realleges and incorporates by reference each of the allegations contained in

paragraphs 1 through 20 of this Complaint.

22.     Without LS&Co.'s consent, Miller has used, in connection with the sale, offering for sale, distribution or advertising of its products, designs that infringe upon LS&Co.'s registered Arcuate and Tab trademarks.

23.     These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

24.     As a direct and proximate result of Miller's infringing activities, LS&Co. is entitled to recover Miller's unlawful profits and LS&Co.'s substantial damages under 15 U.S.C. 1117(a).

25.     Miller's infringement of LS&Co.'s Arcuate and Tab trademarks are an exceptional case and was intentional, entitling LS&Co. to treble the amount of its damages and Miller's profits, and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a).

26.     LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. 1116(a).

**SECOND CLAIM**
**FEDERAL UNFAIR COMPETITION**
**(False Designation of Origin and False Description)**
**(15 U.S.C. § 1125(a); Lanham Act § 43(a))**

27.     LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 26 of this Complaint.

28.     Miller's use of the Cinch Designs tends falsely to describe its products within the meaning of 15 U.S.C. § 1125(a)(1).  Miller's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship or approval of Miller's products to the detriment of LS&Co. and in violation of 15 U.S.C. § 1125(a)(1).

29.     As a direct and proximate result of Miller's infringing activities, LS&Co. is entitled to recover Miller's unlawful profits and LS&Co.'s substantial damages under 15 U.S.C. § 1117(a).

30.     Miller's infringement of LS&Co.'s Arcuate and Tab trademarks are an exceptional case and was intentional, entitling LS&Co. to treble the amount of its damages and Miller's profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

31.     LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. 1116(a).

**THIRD CLAIM**
**FEDERAL DILUTION OF FAMOUS MARKS**
**(Trademark Dilution Revision Act of 2006)**
**(15 U.S.C. § 1125(c); Lanham Act § 43(c))**

32.     LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 31 of this Complaint.

33.     LS&Co.'s Arcuate and Tab trademarks are distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and were distinctive and famous prior to Miller's conduct as alleged in this Complaint.

34.     Miller's conduct is likely to cause dilution of LS&Co.'s Arcuate and Tab trademarks by diminishing their distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

35.     LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c).

**FOURTH CLAIM**
**CALIFORNIA TRADEMARK INFRINGEMENT AND DILUTION**
**(Cal. Bus. & Prof. Code §§ 14245, 14247, 14250)**

36.     LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 35 of this Complaint.

37.     Miller's infringement of LS&Co.'s Arcuate and Tab trademarks is likely to cause consumer confusion and dilution of LS&Co.'s marks in violation of California Business & Professions Code Sections 14245 and 14247.

38.     Miller infringed and diluted LS&Co.'s Arcuate and Tab trademarks with knowledge and intent to cause confusion, mistake or deception.

39.     Miller's conduct is aggravated by that kind of willfulness, wantonness, malice and conscious indifference to the rights and welfare of LS&Co. for which California law allows the imposition of exemplary damages.

40.     Pursuant to California Business & Professions Code §§ 14247 and 14250, LS&Co. is entitled to injunctive relief and damages in the amount of three times Miller's profits and three times all damages suffered by LS&Co. by reason of Miller's manufacture, use, display or sale of infringing goods.

**FIFTH CLAIM**
**CALIFORNIA UNFAIR COMPETITION**
**(Cal. Bus. & Prof. Code § 17200)**

41.     LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 40 of this Complaint.

42.     Miller's conduct as alleged in this Complaint constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code Section 17200.

43.     As a consequence of Miller's actions, LS&Co. is entitled to injunctive relief preventing the conduct alleged in this Complaint.

**PRAYER FOR JUDGMENT**

WHEREFORE, LS&Co. prays that this Court grant it the following relief:

44.     Adjudge that LS&Co.'s Arcuate and Tab trademarks have been infringed by Miller in violation of LS&Co.'s rights under common law, 15 U.S.C. § 1114, and/or California law;

45.     Adjudge that Miller has competed unfairly with LS&Co. in violation of LS&Co.'s rights under common law, 15 U.S.C. § 1125(a), and/or California law;

46.     Adjudge that Miller's activities are likely to dilute LS&Co.'s famous Arcuate and Tab trademarks in violation of LS&Co.'s rights under common law, 15 U.S.C. § 1125(c), and/or California law;

47.     Adjudge that Miller and its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

a.     Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods that display any words or symbols that so resemble LS&Co.'s Arcuate and Tab trademarks as to be likely to cause confusion, mistake or deception, on or in connection with any product that is not authorized by or for LS&Co., including without limitation any product that bears the designs which are the subject of this Complaint and for which Miller is responsible, or any other approximation of LS&Co.'s trademarks;

b.      Using any word, term, name, symbol, device or combination thereof that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Miller or its products with LS&Co. or as to the origin of Miller's goods, or any false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising;

c.      Further infringing the rights of LS&Co. in and to any of its trademarks in its LEVI'S® brand products or otherwise damaging LS&Co.'s goodwill or business reputation;

d.      Further diluting the Arcuate and Tab trademarks;

e.      Otherwise competing unfairly with LS&Co. in any manner; and

f.      Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

48.      Adjudge that Miller be required immediately to supply LS&Co.'s counsel with a complete list of individuals and entities from whom or which it purchased, and to whom or which it sold, offered for sale, distributed, advertised or promoted, infringing products as alleged in this Complaint;

49.      Adjudge that Miller be required immediately to deliver to LS&Co.'s counsel its entire inventory of infringing products, including without limitation pants and any other clothing, packaging, labeling, advertising and promotional material and all plates, patterns, molds, matrices and other material for producing or printing such items, that are in its possession or subject to its control and that infringe LS&Co.'s trademarks as alleged in this Complaint;

50.      Adjudge that Miller, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon LS&Co.'s counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

51.      Adjudge that LS&Co. recover from Miller its damages and lost profits, and Miller's profits, in an amount to be proven at trial, as well as punitive damages under California law;

52.      Adjudge that Miller be required to account for any profits that are attributable to its illegal acts, and that LS&Co. be awarded (1) Miller's profits and (2) all damages sustained by LS&Co., under 15 U.S.C. § 1117, plus prejudgment interest;

53.      Adjudge that the amounts awarded to LS&Co. pursuant to 15 U.S.C. § 1117 shall be

trebled;

54.     Order an accounting of and impose a constructive trust on all of Miller's funds and assets that arise out of its infringing activities;

55.     Adjudge that LS&Co. be awarded its costs and disbursements incurred in connection with this action, including LS&Co.'s reasonable attorneys' fees and investigative expenses; and

56.     Adjudge that all such other relief be awarded to LS&Co. as this Court deems just and proper.

DATED: November 3, 2014            Respectfully submitted,

                                                    KILPATRICK TOWNSEND & STOCKTON LLP


                                                    By:   */s/ Ryan Bricker*
                                                          Ryan Bricker

                                                          Attorneys for Plaintiff
                                                          LEVI STRAUSS & CO.

1

**DEMAND FOR JURY TRIAL**

2

     Levi Strauss & Co. demands that this action be tried to a jury.

3

4

DATED:  November 3, 2014          Respectfully submitted,

5

                              KILPATRICK TOWNSEND & STOCKTON LLP

6

7

                        By:   */s/ Ryan Bricker*

8

                             Ryan Bricker

9

                             Attorneys for Plaintiff
                             LEVI STRAUSS & CO.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28